UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROY LAPEYRONNIE**                                                                                          **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO. 1:23-CV-142-TBM -RPM**

**LOOKOUT DOWNTOWN, LLC d/b/a**
**KILTED KELLY'S SPORT PUB, LLC**                                                              **DEFENDANTS**
**and A HEAD FOR PROFITS, LLC**

### FIRST SUPPLEMENTAL AND AMENDED COMPLAINT FOR DAMAGES
### JURY TRIAL REQUESTED

NOW INTO COURT, through undersigned counsel comes Plaintiff, ROY LAPEYRONNIE, who files his Supplemental and Amended Complaint against Defendants, LOOKOUT DOWNTOWN, LLC d/b/a KILTED KELLY'S SPORTS PUB, LLC and A HEAD FOR PROFITS, LLC., and in support thereof, would show unto this Honorable Court the following:

**I.**

That Plaintiff, ROY LAPEYRONNIE, is an adult resident citizen of Louisiana.

**II.**

a. Defendant, LOOKOUT DOWNTOWN, LLC d/b/a KILTED KELLY'S SPORTS PUB, LLC is a Mississippi limited liability company, authorized to do business in the State of Mississippi, and may be served through its agent for service of process Robert Stinson, 1712 15th Street, Gulfport, MS 39501.

b. Defendant, A HEAD FOR PROFITS, LLC, is a Tennessee limited liability company, authorized to do business in the State of Mississippi, and may be served via the long

arm statute through its agent for service of process, Mark H. Rubenstein, 240 Great Circle Road, Ste 344, Nashville, TN 37228-1721.

### III.

On or about June 24, 2018, Plaintiff, ROY LAPEYRONNIE was an invited guest at the LOOKOUT DOWNTOWN, LLC d/b/a KILTED KELLY'S SPORTS PUB, LLC, located at municipal address 2602 14th Street, Gulfport, MS 39501. LOOKOUT DOWNTOWN, LLC d/b/a KILTED KELLY'S SPORTS PUB, LLC owned, operated, and had custody over the premises of LOOKOUT DOWNTOWN, LLC d/b/a KILTED KELLY'S SPORTS PUB, LLC at all relevant times. A HEAD FOR PROFITS, LLC, provided cleaning services for the beer tap system at LOOKOUT DOWNTOWN, LLC d/b/a KILTED KELLY'S SPORTS PUB, LLC.

### IV.

While a paid guest at the LOOKOUT DOWNTOWN, LLC d/b/a KILTED KELY'S SPORTS PUB, LLC, Plaintiff was offered a sample of a new beer. After drinking the liquid, Plaintiff felt a burning sensation and spit the liquid out. Rather than being served beer, Plaintiff was served cleaning solution that caused burns in his mouth and throat. As a result of this incident, Mr. Lapeyronnie suffered injuries.

### V.

As a result of the above-described incident, Mr. Lapeyronnie has also experienced physical and mental pain and suffering, including but not limited to loss of taste and has undergone treatment with physicians. Mr. Lapeyronnie will incur loss of enjoyment of life and other damages that may be proven at the trial on the merits.

### VI.

At all relevant times, LOOKOUT DOWNTOWN, LLC d/b/a KILTED KELLY'S SPORTS PUB, LLC and/or A HEAD FOR PROFITS, LLC either created, knew, or in the exercise of reasonable care should have known, of the ruin, vice, or defect that caused Mr. Lapeyronnie's injuries. Additionally, Mr. Lapeyronnie's injuries could have been prevented by the exercise of reasonable care, which the LOOKOUT DOWNTOWN, LLC d/b/a KILTED KELLY'S SPORTS PUB, LLC and/or A HEAD FOR PROFITS, LLC failed to exercise.

### VII.

The injuries and damages sustained by Plaintiff were caused by the negligent acts of omission and/or commission on the part of the LOOKOUT DOWNTOWN, LLC d/b/a KILTED KELLY'S SPORTS PUB, LLC and/or A HEAD FOR PROFITS, LLC, including but not limited to:

  a. Failing to keep its premises in a reasonably safe condition;
  b. Failing to notice that it was serving Plaintiff cleaning solution as opposed to beer.
  c. Failing to use reasonable effort to keep the premises free of the unreasonably dangerous conditions that gave rise to Mr. Lapeyronnie's damages;
  d. Failing to prevent Mr. Lapeyronnie from suffering harm on the property;
  e. Failing to warn Mr. Lapeyronnie of the dangerous condition existing on the property;
  f. Failing to use reasonable care to keep the property free of hazardous conditions;
  g. Failing to properly inspect the property;
  h. Failing to provide a safe environment to customers;

    i. Failing to warn Mr. Lapeyronnie of the property's unreasonable risks of harm due;

    j. Failing to implement proper procedures to maintain a safe environment for customers and/or patrons;

    k. Failing to implement a proper plan to inspect and remove hazards and unreasonable dangerous conditions;

    l. Failing to provide a hazard free-environment for Mr. Lapeyronnie on the property;

    m. Failing to remedy unreasonably dangerous hazards that Defendant had actual knowledge or constructive knowledge thereof;

    n. Failing to comply with applicable building codes and regulations under local, state, and federal law, including but not limited to OSHA standards; and

    o. Such other acts and omissions as will be shown in the trial, all of which were in contravention to the exercise of due care, prudence and the laws of the state of Mississippi, which are specifically pleaded herein as though copied in *extenso*.

### VIII.

Defendants are liable unto Plaintiff jointly, severally and *in solido* for the damages that ROY LAPEYRONNIE sustained as a result of the incident at issue.

### IX.

Specifically, Plaintiff itemizes the damages which he suffered that were proximately caused by the above described negligence and/or intentional acts of Defendants as follows:

    a. Past physical pain, suffering, and discomfort;

    b.  Past mental anguish, aggravation, and annoyance;

    c.  Future physical pain, suffering, and discomfort;

    d.  Future mental anguish, aggravation, and annoyance;

    e.  Past medical expenses;

    f.  Future medical expenses;

    g.  Loss of enjoyment of life; and

    h.  Disability from engaging in recreation

**X.**

Plaintiff further specifically pleads that the doctrine of *res ipsa loquitur* in that the accident and injuries and damages would not have occurred in the absence of the negligence of Defendants.

**XI.**

Plaintiff additionally specifically pleads the doctrine of *respondeat superior* regarding the subject employee involved at LOOKOUT DOWNTOWN, LLC d/b/a KILTED KELLY'S SPORTS PUB, LLC and/or A HEAD FOR PROFITS, LLC.

**WHEREFORE,** Plaintiff ROY LAPEYRONNIE hereby sues and demands judgment of and from the Defendants, both jointly and severally, in amount within the jurisdictional limits of this Honorable Court, together with pre- and post-judgment interest, punitive damages and costs.

**HUBER THOMAS, LLP**

_/s/ Charles Thomas_

**CHARLES M. THOMAS, MS BAR NO. 104049**
1100 Poydras Street, Suite 2200
New Orleans, LA 70163
Telephone: (504) 274-2500
Facsimile:  (504) 910-0838
charlie@huberthomaslaw.com
**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE**

  I, CHARLES M. THOMAS, of the law firm of Huber Thomas, LLP, do hereby certify that I have this day electronically transmitted, a true and correct copy of the above and foregoing document to:

CLINT D. VANDERVER  (MSB 101997)
WELLS MARBLE & HURST, PLLC
300 Concourse Blvd., Suite 200
Ridgeland, MS 39157
Telephone: 601-605-6900
Facsimile: 601-605-6901
Email: cvanderver@wellsmar.com
*Attorney for Defendant, A-Head for Profits, LLC.*

July 28, 2023.

**CHARLES M. THOMAS, MS BAR NO. 104049**